# COURTS — COSTS AND FEES — MORTGAGES — EXECUTORS AND ADMINISTRATORS.

[Lucas (6th) Circuit Court, 1904.]

Parker, Hull and Haynes, JJ.

WALTER J. SHERMAN v. GEORGE W. MILLARD.

1. APPELLATE COURT UNDER LAN. R. L. 10318 (R. S. 6726) MUST RENDER JUDGMENT LOWER COURT SHOULD HAVE RENDERED.

An appellate court, in reversing an order of distribution made by the probate court in an action commenced therein by an administrator to pay debts, should, under Lan. R. L. 10318 (R. S. 6726), either make the order of distribution, or, in remanding the case to the probate court, specifically indicate the items to which the fund for distribution should be applied. A judgment reversing the order of distribution and remanding the case with directions to distribute the fund "according to law" and "in accordance with Lan. R. L. 9706 (R. S. 6165)" is too general in its nature in that it does not specifically indicate what judgment the probate court should render, notwithstanding the statute referred to prescribes how distribution shall be made.

2. ATTORNEY FEES, COSTS OF ADMINISTRATION, ETC., CANNOT BE PAID UNDER LAN. R. L. 9706, 9730 (R. S. 6165, 6188) OUT OF FUND REALIZED FROM SALE OF LAND TO PAY DEBTS, WHEN.

Neither the attorney fees of an administrator in an action commenced by him to sell real estate to pay debts, general costs of administration of the estate, nor premiums due a surety company upon the administrator's bond, are included in the costs and expenses "of the sale" under Lan. R. L. 9706 (R. S. 6165), and cannot, therefore, be allowed prior to the claim of a first mortgagee by the probate court in making an order of distribution of the fund realized from the sale; nor can they be allowed as "extraordinary" expenses under Sec. 6188 Rev. Stat.

3. ADMINISTRATOR MUST PRESERVE PRIORITY OF LIENS IN FUND REALIZED FROM SALE OF LANDS TO PAY DEBTS, ETC.

The priority of the lien of a first mortgage must be preserved by the administrator in the fund realized from a sale of the real estate, when such lien is set up in the action commenced by the administrator to sell the real estate to pay debts; but, as the administrator is a trustee for unsecured creditor only, where such mortgagee fails to set up his claim, his lien is thereby cut off, and he thereupon becomes a general creditor; and the administrator owes such mortgagee no duty to see that his lien is preserved.

4. ADMINISTRATOR ASSUMES RISK OF FUND REALIZED FROM SALE BEING SUFFICIENT TO PAY ATTORNEY FEES, ETC.

The administrator, in commencing an action to sell to pay debts, real estate which is encumbered by a mortgage, assumes the risk of the fund realized therefrom being insufficient to pay his own and his attorney's fees and the court costs incident to general administration. Such fees and costs cannot be paid from the fund to the prejudice of the mortgagee.

5. ADMINISTRATOR NOT NECESSARY PARTY IN FORECLOSURE PROCEEDINGS, WHEN.

An administrator of a deceased mortgagor is not a necessary party to a mortgage foreclosure proceeding, although he may be a proper party in case the equity of redemption is of any value; and, as a purchaser at

foreclosure sale is subrogated to all the rights of the mortgagee, where the value of the property proves less than the mortgage' debt his title cannot be impeached by general creditors nor by the administrator in the absence of fraud or collusion in the proceeding and sale.

ERROR to Lucas common pleas court.

**B. A. Hayes,** for plaintiff in error.

**I. I. Millard,** for defendant in error.

## PARKER, J.

In 1899, Oscar Decker being the owner of two acres of land, mortgaged it to secure a promissory note of $500.

In January, 1902, Decker having died, George W. Millard was appointed administrator of his estate, and the land mortgaged was appraised at $700.

In April, 1902, the administrator filed his petition in the probate court for the sale of the two acres of land to . pay debts.

Sherman, the holder of the note and mortgage, having been made a party defendant, filed his cross petition asking that the mortgage be foreclosed and his rights protected.

In October, 1902, a decree was rendered finding due to Sherman on the mortgage $500 and interest, to the decedent's widow $————— in lieu of dower and $300 for year's support, and ordering a sale of the two acres of land.

In May, 1903, the land was sold in pursuance of the decree at public sale for $600 and the proceeds of sale ordered to be distributed as follows:

| | | |
|---|---|---|
| 1. | Court costs in sale of property............$ 35 | 09 |
| 2. | Courts costs in administration of estate........ 15 | 40 |
| 3. | Administrator's percentage of proceeds of sale.. 36 | 00 |
| 4. | Attorneys fees and Surety Company's bond of administrator .............................. 60 | 00 |
| | To Sherman on mortgage......................... 431 | 51 |

To this order of distribution the defendant Sherman excepted and, to obtain its reversal or modification, filed his petition in error in the common pleas court.

That court reversed the judgment of the probate court and remanded the case to that court with directions to distribute the proceeds "according to law" and "in accordance with Sec. [Lan. 9706] 6165 Rev. Stat.," but did not indicate specifically what judgment the probate court should render.

Sherman v. Millard.

Sherman now prosecutes error in this court, claiming that the common pleas court should have rendered the judgment which the probate court should have rendered and that this court should now do so; and that the proper order would be to omit the second and fourth items and pay on the mortgage $528.91 instead of $453.51.

Laning R. L. 10318 (R. S. 6726) reads in part as follows:

"When a judgment or final order is reversed, either in whole or in part, in the common pleas court,  *  *  *  the court reversing the same shall proceed to render such judgment as the court below should have rendered, or remand the cause to the court below for such judgment."

In *Minnear* v. *Holloway*, 56 Ohio St. 148 [46 N. E. Rep. 636] the court says on page 154, in speaking of orders and judgments made on hearings, on affidavits or evidence, for injunctions, or for the vacation of an injunction, or the dissolution of an attachment, or motions for the appointment or discharge of receivers, or motions for the vacation of an order of arrest in a civil action and other like motions and proceedings in which no issues of fact are made up by the pleadings, and there is no trial in the legal sense of that term:

"In such cases the higher court, upon reversal of the order made on the hearing in the court below, proceeds to make such order as it thinks the court below should have made, or remands the case to the court below with instructions to make such order."

See also *Davis* v. *Turner*, 69 Ohio St. 101 [68 N. E. Rep. 819], decided October 27, 1903.

In the case at bar the order reversed was an order distributing the proceeds of the sale, and the appellate court should either have made an order of distribution, or should have indicated to which items the funds to be distributed should be applied.

As Lan. R. L. 9706 (R. S. 6165) prescribes how the proceeds of real estate so sold shall be distributed, the order of the common pleas court that they shall be so distributed is correct as far as it goes; but it is too general. Presumably the probate court had endeavored to follow this section in its order which was reversed, but had fallen into error in its attempt; therefore the order of the common pleas court should have been specific so that a like error might not occur again, and so that nothing would remain to be done in the court below but to execute such specific order of distribution.

This section provides that "the money arising from the sale of real estate shall be applied in the following order:

"1.  To discharge the costs and expenses of the sale and the per-

centum and charges of the executor or administrator thereon, for his administration of the same.

"2. To the payment of mortgages and judgments. * * *

"3. To the discharge of claims and debts, in the order mentioned in this title."

That order is found in Lan. R. L. 9629 (R. S. 6090).

Under Lan. R. L. 9706 (R. S. 6165), the mortgagee claims that the costs and expenses and charges of the administrator are confined to those arising out of the sale, and do not include those which arise in the general administration of the estate.

As to the attorney fees, in the case of *Thomas* v. *Moore,* 52 Ohio St. 200 [39 N. E. Rep. 803] it is held 'that administrators are personally liable for services of attorneys employed by them. On page 206 the court holds that attorney fees are governed by Lan. R. L. 9629 (R. S. 6090) referred to above. Such contracts do not bind the estate. Money paid therefor by the administrator, if approved by the court, may be allowed in the accounts of the administrator, but there is no authority for allowing them in an order of distribution on a sale of real estate as prior to the claim of a first mortgagee.

It would be grossly unjust to compel the mortgagee to pay attorney fees of the administrator for foreclosing his mortgage; the mortgagee must pay his own attorney for setting up his claim in this proceeding; the administrator in no way represents the mortgagee as such.

It is said in the case of Stone v. Strong, 42 Ohio St. 53, on page 55 that:

"The administrator is the trustee * * * for the unsecured creditors."

But he is not the trustee for the secured creditors except as they are also general creditors. If the mortgagee in this case had failed to file an answer in the land sale proceedings, his lien would have been cut off by the decree of the court, and it would not have been the duty of the administrator to see that his lien was preserved.

That the cost and charges and expenses "of the sale" did not include the general costs of administration we think is evident from the fact that the administrator could have brought his action for the sale of the decedent's land either in the court of common pleas or the probate court. See Lan. R. L. 9677 (R. S. 6137). Suppose he had brought his proceeding in the court of common pleas, surely the costs of the sale would have been confined to those incurred in the court of common pleas, and would have included no costs in the probate court.

The case of *Andrews* v. *Johns*, 59 Ohio St. 65 [51 N. E. Rep. 880] involved the fees of an assignee for the benefit of creditors, but it is evident from the opinion of the court that it regards a sale by an assignee for the benefit of creditors as bearing a very close resemblance to a sale by an administrator to pay the debts of the decedent. On page 79 the court speaks of costs in this way:

"The court having found that the land was bid off by the owner of the first lien for a sum less than his debt, taxes and costs, an order that the purchaser pay such taxes as were due, and such costs as might properly be required of him under the statute, which would be such costs, and such only, as were made necessary by the foreclosure, and upon such payment a deed be made by the assignee, would have met the situation as it existed and worked out the proper legal result."

Here the costs are spoken of as those which would be made necessary by the foreclosure, not such costs as would be made necessary by the general administration of the estate, whether by an assignee or an administrator.

Of course in some cases (and apparently it is so in the case at bar), this works a hardship on the administrator and also on the judge of the court as to his fees, but in this same case of *Andrews* v. *Johns*, 59 Ohio St. 65, 77 [51 N. E. Rep. 880] the court says:

"Upon the proposition that by the construction of the sections affecting assignments here made, an injustice results to the assignee in that he is denied compensation for labor which he is required to perform, it would seem sufficient to say, as suggested by counsel, that the hardship is not greater than in the case of a second mortgagee who forecloses his mortgage only to see the first mortgagee take all the proceeds, leaving his expenses to be borne without any result; or the case of an administrator, as in *Stone* v. *Strong*, where the first mortgagee is the purchaser. Besides, the assignee is not compelled to perform the services. He accepts the trust voluntarily and with whatever risk may attend its performance. If he finds it burdensome, or unremunerative, he may at any time resign."

We also call attention to the case of *Stone* v. *Strong*, 42 Ohio St. 53, especially to the language found on page 56, as follows:

"We must not be understood as holding that such a proceeding can be prosecuted by the personal representative, for the mere purpose of earning commissions, when the probability is that the land will not pay the liens."

In the case at bar it appears that the real estate **was**

the only property of the decedent. It was appraised at $700. The equity of redemption in this real estate constituted the only asset of the estate for administration. The claim of the mortgagee was $500 and interest at 7 per cent from March 10, 1902. Here we have then a prior lien of $500, exclusive of interest due the mortgagee and exclusive of court costs and administrator's fees incident to the sale. Under these circumstances this administrator, "the personal representative," in thus bringing this property to sale took the risk of its bringing a price that would leave a fund from which might be paid his attorney's fees and the fees of himself and the court incident to general administration of the estate. Such expenses cannot be paid from the proceeds to the prejudice of the mortgagee. On page 57 of *Stone* v. *Strong, supra,* we find another comparison between a land sale by an administrator and a foreclosure by a mortgagee, the court saying:

"The same result would follow if the mortgagee had been foreclosing his own mortgage; the costs and expenses of making the sale must first be paid, including poundage, if he is not the purchaser, although the residue is insufficient to pay his lien."

In the foreclosure case the mortgagee is not entitled to his attorneys fees, and it seems by analogy that in the land sale proceeding the administrator should not be allowed his attorney's fees, as part of the costs, prior to the claim of the mortgagee.

Laning R. L. 9730 (R. S. 6188) authorizes compensation for "extraordinary" services, but there were none such in this case. There were no contests between lienholders, nor any contest of any kind. The case was as simple and ordinary as a proceeding to sell real estate to pay debts could be.

It has been suggested in argument that to make perfect title to his real esate in the purchaser thereof under the mortgage it is necessary to have the administrator in court as a party to the end that it may be divested of the lien of other debts of the deceased.

It is our understanding that in an action to foreclose the mortgage the administrator would not have been a necessary party (though if the equity of redemption had any value he might have been a proper party), and that the purchaser is subrogated to the rights of the mortgagee and that where the value of the property proves to be less than the amount due on the mortgage, and there is no fraud or collusion in the proceeding and sale, such title is unassailable by general creditors of the decedent, or the representatives of his estate. Here the administrator did not owe any duty to the general creditors, to the mort-

Sherman v. Millard.

gagee, to the purchaser, or to anyone else, justifying him in bringing this property to sale and adding to the costs and expense of the sale, other costs and expense not incident thereto. See *McMahan* v. *Davis,* 10 Circ. Dec. 467 (19 R. 242).

We hold that under the circumstances here appearing the item of $15.40, court costs for administration, and $60, attorney's fees, and surety company's bond of administrator do not come within the purview of Sec. 6165 Rev. Stat. as "costs and expenses of the sale." And that they cannot be paid from the proceeds of the sale to the prejudice of the mortgagee.

Therefore the judgment of the court of common pleas will be modified accordingly.

**Hull** and **Haynes, JJ.,** concur.